IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV313-MU-02

| | | |
|---|---|---|
| JOSE R. ALMONTE, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|     v. ) | | <u>O R D E R</u> |
| ) | | |
| MECKLENBURG COUNTY JAIL CEN- ) | | |
|   TRAL ADMINISTRATION, et al.,) | | |
|     Defendants. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed July 7, 2008. For the reasons stated herein, the instant Complaint will be <u>denied</u> and <u>dismissed</u>.

Briefly, Plaintiff alleges that on July 18, 2004, while he was a pre-trial detainee at the Mecklenburg County Jail, he injured himself when he lost consciousness and fell onto a concrete floor. Plaintiff claims that his loss of consciousness was the result of the erroneous administration of medication; that such error was due to medical malpractice; that he suffered serious physical injuries from his fall; and that the medical staff at the Jail negligently failed to properly treat his injuries. By way of relief Plaintiff, who currently is in the custody of the Reeves County Detention Center in Pecos, Texas, asks the Court to order his transfer from the Texas facility "to the B.O.P. facilities or to Fort Dix Institution . . . " so that

he can receive specialized medical treatment.

Notwithstanding Plaintiff's belief to the contrary, however, the instant Complaint cannot proceed. Indeed, the Court notes that while there is no federal statute of limitations for actions brought under Section 1983, civil rights plaintiffs still are limited by the most analogous state statute of limitations. For statute of limitations purposes, claims of this nature brought under 42 U.S.C. §1983 typically are construed as personal injury actions. See <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007); <u>Owens v. Okure</u>, 488 U.S. 235 (1989); and <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). In North Carolina, the statute of limitations for personal injury and, thus, for Plaintiff's claims, is three years. See N.C.Gen.Stat. §§1-52; <u>Love v. Alamance County Bd. Of Educ.</u>, 757 F.2d 1504, 1506 (4th Cir. 1985). That is, the foregoing statutory provision requires that a personal injury action be commenced within three years of the date upon which the claim allegedly arose. <u>National Advertising Co.</u>, 947 F.2d 1158, 1161-62 (4th Cir. 1991).

Here, it is clear from Plaintiff's Complaint that the actions upon which he is basing his lawsuit took place on July 18, 2004, that is, nearly four years ago. Hence, because more than three calendar years have lapsed between the time that the subject acts allegedly occurred and the time that Plaintiff filed this lawsuit, his claim is untimely and must be <u>dismissed</u>.

Finally, even assuming that Plaintiff's action were not time-barred, it still would be subject to summary dismissal due to his failure to state a cognizable claim for relief. That is, it is well settled that allegations of malpractice and mere negligence are not cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); and Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** in its entirety. 28 U.S.C. 1915A(b)(1).

**SO ORDERED.**

Signed: July 10, 2008

Graham C. Mullen
United States District Judge